Boynton, J.
Assuming that the power of the court to-entertain the motion, in the present case, is conferred by the code of civil procedure, steps calling for its exercise were not taken sufficiently early, in point of time, to be of *206 .any avail to the plaintiff in error. Section 584 authorizes the court of common pleas, or district court, to vacate or modify its own judgment or order after the term at which ■such judgment or order is made. The section is divided into nine subdivisions, each of which contains one or more .grounds upon which such judgment or order may be vacated or modified. The cause here relied on, and stated in the motion for the modification of the judgment, if founded on any ground named in said section, would seem to be “irregularity in obtaining the judgment.” The language of the motion is, that “ in effect, by inadvertence .and mistake, the lien ” declared by thejudgment was held to ■extend over the entire blocks “ instead of to the usual depths -of lots in that neighborhood.” The error complained of is not claimed to result from any mistake or omission of the •clerk, nor to arise from any cause except oversight or mistake in failing to detect the same, and, therefore, the most favorable view to be taken for the plaintiff' is' to ascribe it to .an irregularity in obtainingtlre judgment. But whetherthe error be referred to this, orbe such as might be referred to any other of the causes mentioned in any of the subdivisions of the ■section, the time within which relief should have been sought expired some time before the motion was filed therefor. Section 542 extends the provisions' of title sixteen of the code, which follow section 533, so far as the same may be appli•cable, to the judgments andfinal orders of the supreme court, but limits the parties to the same time within which to commence proceedings, as that provided for the commencement ■of proceedings in the court of common pleas or district •court. Section 541, requires the proceedings to vacate or modify the judgment or order in the court of common pleas ■ or district court, for the causes mentioned in subdivisions four, five, and seven, of- section 534, to be commenced within two years from the rendition of the judgment, unless the party entitled thereto be an infant, married woman, •or of unsound mind, and then within two years from the removal of such disability; and for the causes mentioned an subdivisions three and six, within three years from the *207 rendition. of the judgment; and in subdivision nine withim -one year after the defendant has notice of the judgment. It therefore follows,' that, if the relief prayed for could have been obtained under the power conferred by section 534 of the code, if sought at an earlier day, the right to invoke the .action of the court after March 23, 1878, to obtain such relief, was barred by the foregoing provisions of the statute.
The plaintiff, however, asks, in case the court is of the ■opinion that the motion should have been filed within three years from the date of the judgment affirming the judgment of the district court, in order to obtain the relief provided for by the code, that the same be treated as an application for a rehearing of the case in error, or for leave to file a bill of review; and claims that such remedy is authorized by section 6 of the act of March 14, 1853 (l S. .& C. 383). That section, inter alia, provides that “all process and remedies authorized by the laws of this state when the present constitution took effect, not hereinbefore provided for, may be had and resorted to in the courts of the proper jurisdiction under the present constitution, . . . so far as such process and remedies . . . are not inconsistent with the the act entitled an ‘ act to establish a •code of civil procedure,’ nor with laws passed since the present constitution took effect, and which laws are still in force.” In Longworth v. Sturges, 2 Ohio St. 104, it was held ■that the 56th section of the chancery practice act of 1831 .(Swan’s stat. 714), authorizing a- rehearing in certain cases, had no application to this court, or its predecessor, the ■court in bank.
The question, whether, independently of the provisions •of said act, the court, being governed by the known usages of courts of equity, as understood and applied by the chancery courts of England.and of the several states, ought to entertain the petition for rehearing, was also considered, and decided in the negative. Upon this point, the court; remarked: “ We have carefully considered it, aided by the practice of other courts, and have arrived at the conclusion that petitions of this character ought not to be *208 entertained.” In Myres v.. Myres, 6 Ohio St. 221, it was further held, that “ in a proceeding under the statute, to contest the validity of a will, the remedy by petition for rehearing, if ever authorized in such proceeding, was superseded by the code of civil procedure.”
The first of these cases is decisive of the question, that the petition for rehearing, which was authorized by section fifty-six of the act directing the mode of proceeding in chancery, is not applicable to this court; and the second determines, that such remedy, in whatever court it is sought to be enforced, is inconsistent with the provisions of the code, and therefore not saved to suitors by section six of the act above quoted.
It remains to inquire whether, and if so, to what extent, the remedy by bill of review still exists. The act directing the mode of proceeding in chancery, referred to above, having been repealed by the code, the remedy by bill of review therein provided, no longer exists, unless saved by the provision above given of the act of March 14,. 1853. That act saves to suitors the remedy by bill of review, authorized by the chancery practice act of 1831, provided such remedy “is not inconsistent with the provisions of the code of civil procedure.” That such remedy, resorted to in cases commenced after the code went into operation, ■wherein it is sought to vacate or modify a judgment, for a mistake or irregularity in obtaining or rendering it, is in-. consistent with the provisions of the code of civil procedure, seems to us very clear. Section 602, first providing that the provisions of the code shall not apply to proceedings in actions or suits pending when it takes effect, but that they shall be conducted to final judgment or decree, in all respects as if it had not been adopted, declares,that “ the provisions of this code shall apply after a judgment, order, or decree heretofore or hereafter rendered, to the proceedings to enforce, vacate, modify, or reverse it, except as provided in section five hundred and thirty-three.” Section 533 is as follows : “ The final orders or decrees of courts of chancery, heretofore, or which may hereafter he, *209 rendered in any chancery proceeding pending at the time this code takes effect, may be reviewed in the same manner, and within the same time, as if this code had not taken effect • and all suits in chancery pending at that time, may be prosecuted to final decree, in like manner.
These sections, by a just construction of their provisions,, confine the right to the remedy by bill of review to cases-pending when the code took effect, and to orders and decrees before then rendered by courts of chancery. The-cases of Longworth v. Sturges, 4 Ohio St. 690; Grant v. Ludlow’s Adm’r, 8 Ohio St. 1, and Trimble v. Longworth, 13 Ohio St. 431, were of this character. In Myres v. Myres, Supra, it was held: “In all proceedings after the taking-effect of the code, to vacate, modify, or reverse final orders,, judgments, or decrees in civil cases, the code of civil procedure applies, in special statutory proceedings' and in-cases in chancery, as well as at law — saving only the old. remedy by bill of review.” By reference to the case it will be seen that the remedy by bill of review, the right to-which was there held to be saved, is that authorized by section 533, above recited.
It was the object of the code to furnish a uniform mode of procedure for civil actions, and to provide a remedy for the correction of all errors committed in the trial of civil causes. This is manifest from the terms of section 603. That section provides that “ rights of civil action, given or secured by existing laws, shall be prosecuted in the manner provided by this code, except as provided in section 604. If a case ever arise, in which an action for the enforcement and protection of a right or the redress or prevention of a. wrong cau not be had under this code, the practice heretofore in use may be adopted, so far as may be necessary to■ prevent a failure of justice.” The proceedings provided for by section 604, are, while pending, exempted from the operation of the code, but, after final judgment, all proceedings to review or modify them must be such as are authorized by the code. Hobbs v. Beckwith, 6 Ohio St. 252; *210 Ex parte Collier, Id. 55. It may be, and indeed is quite probable, that the error alleged to have been committed in the present case, is one, the correction of which should have been sought-during the term at which the same was ■committed. This proceeding, in, effect, -would seem to be an application, after the term, for a rehearing of the case in error, in order to secure á decision adverse to the former •one, not only on a point to which, on the original hearing, the mind of the court was not directed, but concerning which the pleadiugs in the case and the assignment of error were entirely silent. If this practice were permitted, there would be no end to litigation. In our opinion, the remedy, by bill of review, is inconsistent with the code, and •does not exist in respect to any action commenced and prosecuted under its provisions.

Motion overruled.

Okey, J., having been of counsel, did not participate.